# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LIBERTY MEDIA HOLDINGS, LLC,**

     Plaintiff,

  -vs-

**SWARM OF November 27, 2010 to January 31, 2011, SHARING HASH FILE A3E6F65F2E3D672400A5908F64ED55B66A0880B8, AND DOES 1 through 3,**

     Defendants.

Case No. 11-C-394

## ORDER GRANTING PLAINTIFF'S MOTION FOR EARLY DISCOVERY

The Court, having read all papers filed in connection with the plaintiff's Motion for Early Discovery [D. 2], having considered the issues raised therein, including the requirements of the Cable Privacy Act, 47 U.S.C. § 551, plaintiff's Motion for Early Discovery is GRANTED.

On April 22, 2011, plaintiff filed a Complaint alleging violations for copyright infringement against Doe Defendants 1 through 3 [D. 1]. On April 22, 2011, plaintiff submitted a motion seeking permission to take early discovery for the limited purpose of identifying these Doe Defendants. [D. 2]. Specifically, plaintiff seeks to subpoena Time Warner Cable d/b/a Road Runner and Comcast Cable, in its capacity as an Internet Service Provider ("ISP"), to determine the names and addresses of certain subscribers connected to certain IP addresses that have been linked to infringements of plaintiff's copyrighted works. Additionally, plaintiff seeks permission to then issue interrogatories to and depose the

subscribers identified by these ISPs in order to determine whether the subscriber is the proper defendant in this action.

"As a general rule, discovery proceedings take place only after the defendant has been served; however, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). These requests are allowed upon a showing of good cause. *Semitool, Inc. v. Tokyo Elec. Am., Inc.,* 208 F.R.D. 273, 275-76 2 (N.D. Cal. 2002). Within the internet context, Courts have recognized "[s]ervice of process can pose a special dilemma for plaintiffs in cases . . . [where] the tortious activity occurred entirely online." *Seescandy.com*, 185 F.R.D. at 577.

A three-factor test has been developed for instances where courts are considering motions requesting early discovery to assist in the identification of certain defendants. *Seescandy.com*, 185 F.R.D. at 578-80. Factor 1: The moving party should be able to identify "the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Seescandy.com*, 185 F.R.D. at 578 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F.2d 406, 420 n.24 (9th Cir. 1977)). Here, given the facts shown, plaintiff has identified the missing party(s) with as much clarity as possible. Plaintiff has stated that these missing "Does" are persons or entities and that these person/entities have been observed and

documented as infringing on its copyrighted works. Thus, as real persons/entitles, these Does can be sued in federal court.

Factor 2: The moving party should be able to identify "all previous steps taken to locate the elusive defendant." *Seescandy.com*, 185 F.R.D. at 578 (citing *Plant v. Doe*, 19 F. Supp. 2d 1316, 1320 (S.D. Fla, 1998)). The only information plaintiff has regarding the defendants is his/her IP address and his/her cable ISP. Therefore, there are no other measures plaintiff could take to identify the defendants other than to obtain his/her identifying information from his/her ISP. Consequently, plaintiff must serve subpoenas on defendants' ISPs to obtain the information it seeks.

Factor 3: The moving party should be able to "establish to the Court's satisfaction that [its] suit against defendant could withstand a motion to dismiss." *Seescandy.com*, 185 F.R.D. at 578 (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Here, Plaintiff, has alleged a prima facie claim of copyright infringement. 17 U.S.C. § 106(1)(3). Specifically, plaintiff claimed: (1) it owns and has registered the copyrighted work at issue in this case; (2) the defendants reproduced and distributed those works without authorization; and (3) plaintiff was damaged by defendants' actions. Accordingly, since plaintiff has alleged all the elements of copyright infringement in the Complaint [D. 1], its suit against defendants could withstand a motion to dismiss.

Plaintiff has also alleged a prima facie case of contributory copyright infringement. Plaintiff claimed (1) it owns and has registered the copyrighted work at issue in this case; (2) defendants knew of the infringing activity and were conscious of their

infringement; and (3) defendants actively participated in this infringement by inducing, causing and contributing to the infringement of plaintiff's copyright work. As each element has properly been alleged by the plaintiff in its Complaint [D. 1], this cause of action could withstand a motion to dismiss.

Thus, plaintiff has adequately satisfied the three-factor test for the claims raised in the Complaint. Furthermore, the scope of this order has been sufficiently tailored to achieve the reasonable and necessary purpose of identifying already known alleged offenders. In sum, the Court finds good cause to grant plaintiff the relief it seeks.

Each Internet Service Provider shall have seven (7) days after service of the subpoenas to notify the subscriber(s) that their identity(y/ies) has been subpoenaed by plaintiff. Each subscriber whose identity has been subpoenaed shall have twenty-one (21) calendar days from the date of such notice to file a responsive pleading or motion to quash.

Thereafter, upon receipt of the subscriber's information from the ISP, the plaintiff may send written discovery requests to the relevant subscriber and may take the subscriber's deposition, if necessary.

**IT IS SO ORDERED**:

Dated at Milwaukee, Wisconsin, this 3rd day of May, 2011.

BY THE COURT

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**